# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MANUEL L. MORA,

        Appellant,

      v.

OFFICE OF PERSONNEL
   MANAGEMENT,

        Agency.

DOCKET NUMBER
SF-0831-10-0240-I-1

DATE: September 16, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Rufus F. Nobles</u>, Zambales, Philippines, for the appellant.

<u>Wanda D. Underwood</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal of the Office of Personnel Management's (OPM) reconsideration decision for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b). We FORWARD the appellant's submissions to the Western Regional Office for docketing as a new appeal with OPM as the responding party.

¶2 The appellant served with the U.S. Navy at Subic Bay, Philippines, from July 2, 1959, through August 15, 1980. *See* Initial Appeal File (IAF), Tab 1 at 7. At some point, he submitted a request to OPM, seeking to make a deposit for that service, for the purpose of retirement. *Id.* OPM determined that he was not eligible to make a deposit for this service and, therefore, denied the request. *Id.* In February 2008, the appellant requested reconsideration. *Id.* OPM issued its reconsideration decision in October 2009, again denying the appellant's request to submit a deposit for his service.[2] *Id.*

¶3 In December 2009, the appellant filed this appeal of OPM's reconsideration decision. IAF, Tab 1. OPM responded to the appeal by rescinding the reconsideration decision of record, indicating that it would issue a new one at a later date. IAF, Tab 4 at 2. Therefore, OPM moved to dismiss the appeal for lack of Board jurisdiction. *Id.* Subsequently, the administrative judge dismissed the

---

[2] Although it contains the reconsideration decision, the record does not contain the appellant's initial request to OPM or OPM's initial denial.

appeal, citing OPM's rescission of its reconsideration decision. IAF, Tab 5, Initial Decision (ID) at 2.

¶4        In February 2014, more than 4 years after OPM rescinded its reconsideration decision and the administrative judge dismissed his appeal for lack of jurisdiction, the appellant submitted a letter to the Clerk of the Board. Petition for Review (PFR) File, Tab 1 at 1. He did not present any argument or evidence that the initial decision was erroneous, but instead, asked for the Board to exercise its authority. *Id.* According to the appellant, despite the lengthy delay and his repeated attempts to follow-up, OPM has yet to issue a reconsideration decision. *Id.* The letter was construed as a petition for review and forwarded to OPM's representative of record. PFR File, Tab 2 at 1, 5. OPM did not file a response.

¶5        In July 2014, the Board sent OPM a show cause order. PFR File, Tab 5. The order directed OPM to submit evidence that it issued a new reconsideration decision in the appellant's case, or explain the failure to do so, within 20 days.[3] *Id*. at 2. OPM never filed a response.

¶6        To the extent that the appellant's submission is a petition for review of the initial decision that dismissed his appeal for lack of Board jurisdiction, the appellant has not shown that the administrative judge erred.[4] *See* 5 C.F.R. § 1201.115. In general, an OPM reconsideration decision is a prerequisite to Board jurisdiction in a retirement appeal. *McNeese v. Office of Personnel Management*, 61 M.S.P.R. 70, 73-74, *aff'd*, 40 F.3d 1250 (Fed. Cir. 1994) (Table). Because OPM rescinded its reconsideration decision on January 11,

---

[3] The petition for review was electronically served on the agency through the representative of record, Wanda Underwood. PFR File, Tab 2 at 5. Recognizing, given the passage of time, the possibility that Ms. Underwood's electronic address may no longer be valid, resulting in the agency's inability to respond to the petition for review, the show cause order also was routed to OPM's General Counsel. PFR File, Tab 5 at 3.

[4] It is unnecessary to address the timeliness of the appellant's petition for review under these circumstances. *See Blade v. Office of Personnel Management*, 97 M.S.P.R. 92, ¶ 6 (2004).

2010, IAF, Tab 4 at 2, the administrative judge properly dismissed the appellant's appeal for lack of jurisdiction on January 12, 2010, ID at 2.

¶7          Although the appellant has shown no error in the administrative judge's dismissal for lack of jurisdiction at that time, the Board may take jurisdiction over an initial OPM decision if OPM has refused to issue a reconsideration decision. *See McNeese*, 61 M.S.P.R. at 74. Under the circumstances, it appears that the appellant has now raised a nonfrivolous allegation of jurisdiction based on his assertion that OPM has failed to issue a reconsideration decision, despite his repeated requests, after a delay of more than 4 years. *See* PFR File, Tab 1 at 1; s*ee also Blade*, 97 M.S.P.R. 92, ¶¶ 6, 9 (forwarding a petition for review for docketing as a new appeal because OPM had not issued a reconsideration decision a year and a half after the initial decision dismissed the appeal for lack of jurisdiction due to the absence of a reconsideration decision).

¶8          Accordingly, we FORWARD the appellant's submissions to the Western Regional Office for docketing as a new retirement appeal with OPM as the responding party.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline

and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.